## LAWRENCE v. THE SECOND MUNICIPALITY.

Where the corporation of a city, under authority conferred on them by law, take possession of a town lot, and dedicate it to public use, interest on the price will be due from the time of their taking possession. *Per Curiam:* Town lots in the improved parts of a city, are productive property. C. C. 2531.

APPEAL from the Parish Court of New Orleans, *Maurian* J. *L. Janin,* for the plaintiff. *Rawle,* for the appellants. The judgment of the court was pronounced by

ROST, J. This suit was originally instituted by the plaintiff to recover from the defendants the value of a lot of land, taken by them for the purpose of opening Roffignac street. It came before the late Supreme Court, who remanded it for further evidence of the value of the lot. 12 Rob. 453. On the second trial, further evidence of the value of the lot was adduced as directed by the Supreme Court, and the court below gave judgment in favor of the plaintiff, for the sum of $4,100, with legal interest from the 23d of February, 1837, the date at which the defendants took possession of the property. After the judgment, by virtue of an agreement found in the record, the defendants paid the plaintiff $4,100, on condition that there should be no execution taken out for the balance of the judgment until the final decision of this court, and that the rights of the defendants should in no wise be impaired by this agreement. The case comes before us on a devolutive appeal taken by the defendants.

The evidence in the record fully justifies the value put upon the property by the court below; and the only question that can arise is, whether the defendants are liable to pay interest, and if so, from what date.

It does not appear that there was any private agreement between the plaintiff and the defendants in relation to this lot. But the defendants took possession of it on the 23d of February, 1837, in pursuance of a special ordinance, and dedicated it to public use, by making it a part of a new street. The plaintiff could not have prevented them from doing so. The alienation was forced upon him, and it must be considered as having taken place when he lost possession of the property. Town lots in the improved parts of the city are productive property, and interest is due on the price of them. C. C. 2531.

*Judgment affirmed.*